# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:16-cv-09510-AB (KES)            Date: October 5, 2017

Title: ANDRES RENE RODRIGUEZ v. VENTURA COUNTY JAIL, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      **Order Denying Plaintiff's Motion for Appointment of Counsel (Dkt. 38)**

## I. BACKGROUND

Plaintiff Andres Rene Rodriguez, a prisoner in state custody, filed this civil rights action alleging that he has been housed in administrative segregation for three years, in violation of his Due Process rights and the Eighth Amendment's ban on cruel and unusual punishment. (Dkt. 1.) After Defendants appeared and moved to dismiss the complaint (Dkt. 21), Plaintiff filed a First Amended Complaint (Dkt. 36); Defendants have until October 11, 2017 to respond (Dkt. 37). Plaintiff now moves for appointment of counsel. (Dkt. 38.)

## II. LEGAL STANDARD

"[I]t is well established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). There is also no constitutional right to appointed counsel to pursue a civil rights claim under 42 U.S.C. § 1983. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).

Under 28 U.S.C. § 1915(e), the Court "may request an attorney to represent any person unable to afford counsel." But § 1915(e) does not authorize federal courts to force an attorney to represent someone without compensation. Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 310 (1989); United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). Nor does § 1915(e) authorize expending public funds to pay counsel appointed under that statute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:16-cv-09510-AB (KES)　　　　　　　　　　　　　　　　　　　　Date: October 5, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

See 30.64 Acres of Land, 795 F.2d at 801; see also United States v. MacCollom, 426 U.S. 317, 321 (1976) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress[.]").

"The decision to appoint such counsel [under § 1915(e)] is within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). "A finding of the exceptional circumstances … requires at least [1] an evaluation of the likelihood of the plaintiff's success on the merits and [2] an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Id. (citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted). Thus, where a pro se civil litigant shows he has a good grasp of basic court procedure and sets forth the factual and legal basis for his claims in a straightforward manner, he is not entitled to court-appointed counsel.

### III.　　DISCUSSION

In April 2017, the Court denied Plaintiff's prior motion to appoint counsel without prejudice, finding:

> Plaintiff alleges: (1) his imprisonment in the Ventura County Jail, including his placement in administrative segregation, will greatly limit his ability to litigate; (2) the issues involved in this case are complex; (3) he is only able to use the prison law library for 15-45 minutes every 2 weeks; (4) he has limited financial resources to make photocopies; and (5) he would like to hire an expert witness, but lacks the financial resources to do so. (Dkt. 9.)

> It is too early in the case for the Court to evaluate the likelihood of Plaintiff's success on the merits; Plaintiff's complaint alleges that he has been held in administrative segregation "for non-disciplinary purposes for over 3 years" (Dkt. 1 at 5), but the exact reasons for this confinement are, at this point, unclear. However, the financial and situational restrictions Plaintiff describes are suffered by almost all inmates filing civil rights actions; these restrictions alone do not demonstrate "exceptional circumstances." Plaintiff has been able to clearly articulate the claims and issues he wishes to put before the Court. He has also submitted the forms necessary for the U.S. Marshals to serve Defendants with process….

(Dkt. 10.)

Plaintiff's present motion to appoint counsel contains very similar factual allegations to his prior motion, i.e., that he has limited access to the law library and no legal education. These fail to demonstrate exceptional circumstances justifying the appointment of counsel. To the extent Plaintiff argues that he would need counsel at a future trial (Dkt. 38 at 3-4), the Court will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:16-cv-09510-AB (KES)                                 Date: October 5, 2017
                                                                                                                               Page 3

reconsider appointing counsel in the event a trial date is set in this case. Moreover, the legal arguments Defendants raised in their motion to dismiss the initial complaint cast some doubt on Plaintiff's likelihood of prevailing on the merits, although the Court will fully consider any legal arguments and authority raised by both sides going forward.[1]

      IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Dkt. 38) is DENIED.

                                                                                                  Initials of Deputy Clerk JD

---

[1] Defendants argued, among other things, that: (1) the housing classification of an inmate is not subject to constitutional scrutiny, and (2) Plaintiff cannot state an Eighth Amendment claim as a pre-trial detainee. (Dkt. 21 at 3.) Defendants also alleged that Plaintiff was placed in administrative segregation awaiting trial because of his past gang involvement (including a prior conviction for attempted murder for the benefit of a gang), the seriousness of the current charges against him (murder and attempted murder), and his "criminal sophistication." (Id. at 7.)