PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JAMES S. EICHER, JR., State Bar No. 213796
jeicher@lbaclaw.com
ROCCO ZAMBITO, JR., State Bar No. 306115
rzambito@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
Commander Richard Barrios Jr., Captain Franke, Sergeant Matthews, and Deputy Gildroy

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andres Rene Rodriguez,<br><br>Plaintiff,<br><br>vs.<br><br>Commander Richard Barrios Jr,<br>Captain Franke, Sergeant Matthews,<br>Deputy Gildroy,<br><br>Defendants. | Case No. CV 16-09510-AB (KESx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Request for Judicial Notice filed and [Proposed] Order lodged concurrently herewith]*<br><br>Date:     November 14, 2017<br>Time:    10:00 a.m.<br>Crtrm:   6D<br><br>**MATTER FOR DETERMINATION BY THE HONORABLE KAREN E. SCOTT** |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

1

NOTICE IS HEREBY GIVEN that on November 14, 2017, at 10:00 a.m., in Courtroom 6D of the United States District Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants Commander Richard Barrios Jr., Captain Franke, Sergeant Matthews, and Deputy Gildroy ("Defendants") will move, and hereby do move for dismissal of Plaintiff's First Amended Complaint, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). The basis for Defendants' Motion will be the following:

1) Plaintiff fails to state a claim for relief because pre-trial detainees do not have a constitutionally protected right in their housing classification; and,

2) As a pre-trial detainee at the Ventura County Jail, Plaintiff fails to state a claim for relief under the Eighth Amendment.

This Motion will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the pleadings on file herein, and upon such further evidence as may be presented at or before the hearing on this matter.

Dated: October 11, 2017         LAWRENCE BEACH ALLEN & CHOI, PC


By   /s/ Rocco Zambito, Jr.
     Rocco Zambito, Jr.
     Attorneys for Defendants
     Commander Richard Barrios Jr.,
     Captain Franke, Sergeant Matthews,
     and Deputy Gildroy

**MEMORANDUM OF POINTS AND AUTHORITIES.**

**I.   INTRODUCTION AND STATEMENT OF FACTS.**

Plaintiff Andres Rene Rodriguez ("Plaintiff"), a pre-trial detainee at the Ventura County Jail, alleges he has been classified for administrative segregation based on his gang involvement, charges for murder, attempted murder and kidnapping, previous conviction for attempted murder, and his criminal sophistication. (Dkt. 1 at 7, 18; Dkt. 36 at 6; Request for Judicial Notice ("RJN") Exhibit "1" at 4-5 (Minute Order for Case No. 2013022661); RJN Exhibit "3" at 67-72 (Minute Order for Case No. 2013028396).) Plaintiff was previously convicted of attempted murder (with enhancements including attempting to murder for the benefit of a criminal street gang and the intentional discharge of a firearm), as well as assault with a semiautomatic firearm. (RJN Exhibit "1" at 4-5, 45.) He has been sentenced to serve 51 years in state prison for those crimes. (*Id.* at 5, 48.) During the course of this litigation, on September 12, 2017, Plaintiff pled guilty to unrelated charges of murder, attempted murder, and kidnapping. (RJN Exhibits "2" at 54-65 (Felony Information for Case No. 2013028396), and "3" at 67-68.) Plaintiff is currently being held in the Ventura County Jail, not only awaiting sentencing on those charges, but also awaiting trial on multiple additionally felony charges, which are unrelated to Plaintiff's previously mentioned charges and convictions. (RJN Exhibit "4" at 76-77 (Minute Order for Case No. 2012031292).)

Yet, based on the purported failure by Defendants to consider Plaintiff's alleged good behavior while awaiting trial in the course of making inmate classification decisions, Plaintiff alleges violations of the Eighth and Fourteenth Amendment against Commander Richard Barrios Jr., Captain Franke, Sergeant Matthews, and Deputy Gildroy ("Defendants") in their individual capacity. The gravamen of Plaintiff's First Amended Complaint ("FAC") relates to his belief that his housing classification has violated his Constitutional rights.

Initially, Plaintiff's claims fail because inmates have no constitutional right to particular housing or classification. Furthermore, Plaintiff cannot state a claim for cruel and unusual punishment under the Eighth Amendment, because he is being held at the jail as a pre-trial detainee. Accordingly, Defendants respectfully request that Plaintiff's FAC be dismissed with prejudice.

## II.     PROCEDURAL HISTORY.

After Plaintiff filed an initial Complaint, Defendants filed a Motion to Dismiss on April 21, 2017. (Dkt. 21.) On May 15, 2017, Plaintiff filed a Request for Extension of Time to file an opposition to Defendants' Motion to Dismiss, originally due May 26, 2017. (Dkt. 27.) On May 17, 2017, the Court granted this request, providing Plaintiff until July 21, 2017 to file his opposition. (Dkt. 28.) Next, Plaintiff filed another Request for Extension on July 18, 2017. (Dkt. 29.) In response, the Court provided Plaintiff with an additional extension of time to file a response, this time extending Plaintiff's deadline to respond to September 29, 2017. (Dkt. 30.)

On September 18, 2017, Plaintiff filed a motion seeking leave to amend to file a FAC. (Dkt. 36.) Plaintiff's motion for leave to amend was subsequently granted. (Dkt. 36.) However, Plaintiff's FAC is simply a rewritten portion of the original Complaint.[1] (Dkt. 36 at 1.) The FAC also removes the Ventura County Jail as a Defendant and dismisses the claims against the remaining Defendants in their official capacities. (*Id.*) Importantly, despite being provided 23 weeks by the Court to file an opposition or seek leave to amend the Complaint as necessary to avoid dismissal, the FAC still fails to state a claim for the same reasons raised in Defendants' Motion to Dismiss Plaintiff's original Complaint. This

---

[1] It appears as though Plaintiff may have intended to incorporate the remaining portions of his original Complaint (those portions which followed the sections which are re-written in the FAC) into the FAC, though this is uncertain. (Dkt. 36 at 1.)

demonstrates that providing Plaintiff with further leave to amend is futile, and thus, Plaintiff's claims should be dismissed without leave to amend.

## III. THE HOUSING CLASSIFICATION OF AN INMATE IS NOT SUBJECT TO CONSTITUTIONAL SCRUTINY.

As in Plaintiff's original Complaint, the crux of Plaintiff's FAC is that he has been wrongfully classified for housing purposes while in jail awaiting trial on more charges. In essence, Plaintiff challenges the discretionary act of concluding he should remain in segregated housing based on his previously adjudicated gang participation, charges and convictions for murder, attempted murder and kidnapping, and criminal sophistication. (Dkt. 36 at 6, 8; Dkt. 1 at 7, 18.) Thus, Plaintiff's FAC and original Complaint have provided ample support for the conclusion that Plaintiff has been appropriately classified, with additional corroboration provided within the criminal court records of which Defendants request the Court take judicial notice. (RJN Exhibits "1", "2", "3" and "4".)

More importantly, decisions regarding the particular housing location of inmates cannot form the basis for constitutional relief. In *Meachum v. Fano*, 427 U.S. 215, 216, 229 (1976), the Supreme Court held that no constitutional right was implicated by the transfer of a prisoner to a location where conditions were substantially less favorable. The Supreme Court stated, "Holding that arrangements like this are within reach of procedural protections of the Due Process Clause would place the Clause astride the day-to-day functioning of state prisons and involve the judiciary in issues and discretionary decisions that are not the business of federal judges." *Id.* at 228-229. Since the *Meachum* decision, courts have continued to rule that inmates have no constitutional right with regard to their housing location. *See, e.g.*, *Olim v. Wakinekona*, 461 U.S. 238, 244-248 (1983) ("an inmate has no justifiable expectation that he will be incarcerated in any particular prison"); *Conway v. Acuna*, 2009 WL 1973263 at *2 (C.D. Cal. 2009) (allegation that prison officials transferred inmate "clearly fails to state a

claim upon which relief may be granted. It is black letter law that a prisoner has no constitutional right to incarceration in a particular institution or housing unit"); *Wilkerson v. Beard*, 2013 WL 5718897 at *2 (E.D. Cal. 2013) ("With regard to the alleged wrongful transfer, the Supreme Court has held that a prisoner has no constitutional right to incarceration in a particular institution or housing unit."). "An inmate has no constitutional right to enjoy a particular security classification or housing." *Gabarrete v. Hazel*, 2012 WL 1119788 at *6 n.3 (E.D. Cal. 2012).

While Plaintiff specially challenges his solitary confinement, the Ninth Circuit has stated that "[t]ypically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *see also Smith v. Swaney*, 2007 WL 1302509 at *2 (E.D. Cal. 2007) ("To the extent plaintiff is attempting to plead an eighth amendment claim based on placement in administrative segregation, he is advised that there is no constitutional right to be housed in a particular prison or location within a prison.").

In *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991), the Ninth Circuit discussed the breadth of discretion involved in the housing of inmates as such:

> When prison officials have legitimate administrative authority, such as the discretion to move inmates from prison to prison or from cell to cell, the Due Process Clause imposes few restrictions on the use of that authority, regardless of any additional motives which are claimed to exist. It doesn't matter what label is placed on the action or what other reasons may be behind it; nor is it relevant that the conditions of confinement may become less pleasant as a result. We must allow prison officials the freedom to exercise their administrative authority without judicial oversight. Some administrative actions will inevitably make prisoners feel cheated; nevertheless, this does

...

not give them a federal cause of action.

*see also Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) ("Plaintiffs had no right, arising solely under the Due Process Clause, to be housed in a certain barrack or housing unit, or with certain inmates.").

The fact that Plaintiff's particularly violent convictions and pending charges (RJN Exhibits "1", "2", "3" and "4"; Dkt. 1 at 7, 18) have led to a security classification and housing location with which Plaintiff is dissatisfied does not provide him with an actionable constitutional claim. Since Plaintiff's fundamental contention does not justify constitutional relief as a matter of law, the FAC should be dismissed without leave to amend.

## IV. SINCE PLAINTIFF HAS BEEN A PRE-TRIAL DETAINEE THROUGHOUT THE FACTS ALLEGED, ANY EIGHTH AMENDMENT CLAIM IS PRECLUDED AS A MATTER OF LAW

Plaintiff's claims are based his alleged assignment to segregated housing, because of his gang membership, criminal sophistication and current and previous charges, including for murder, attempted murder and kidnapping, but without regard for his behavior while in jail pending trial for the charges he is currently facing. (Dkt. 36 at 6; Dkt. 1 at 7, 18; RJN Exhibits "1", "2", "3" and "4".) However, this demonstrates that Plaintiff's custody at the Ventura County Jail results from his criminal **charges**, rather than a conviction. (*See also* RJN Exhibit "4".) In other words, Plaintiff is a pre-trial detainee, a status which is critical to the cognizability of his Eighth Amendment claim for cruel and unusual punishment.

It is well-established that only persons who have been convicted are entitled to the Eighth Amendment's protection against cruel and unusual punishment. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1414 (9th Cir. 1986). Pre-trial detainees' claims for constitutional relief for conditions of confinement must be alleged under the Fourteenth Amendment. *Hare v. City of*

5

*Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996).

The FAC in no way alleges that Plaintiff is in custody at the County Jail due to a conviction. The judicially-noticeable documents regarding Plaintiff's multiple criminal cases also demonstrate that he is currently being held as a pre-trial detainee, and has been a pre-trial detainee throughout the time period of the facts alleged. (RJN Exhibits "2", "3" and "4".) Thus, Plaintiff's Eighth Amendment claim is barred as a matter of law and should be dismissed from the FAC. Since no Eighth Amendment claim can be stated by a pre-trial detainee, Plaintiff's claim should be dismissed without leave to amend.

## V. CONCLUSION.

For the forgoing reasons, Defendants respectfully request that their Motion be granted and that Plaintiff's claims be dismissed, this time with prejudice.

Dated: October 11, 2017      LAWRENCE BEACH ALLEN & CHOI, PC

By    /s/ Rocco Zambito, Jr.
         Rocco Zambito, Jr.
         Attorneys for Defendants
         Commander Richard Barrios Jr.,
         Captain Franke, Sergeant Matthews,
         and Deputy Gildroy

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Elin Ghadimian, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 100 West Broadway, Suite 1200, Glendale, CA 91210.

On October 11, 2017, I served the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Andres Rene Rodriguez
Bk# 1309926
Ventura County Jail
P.O. Box 6929
Ventura CA 93006

X    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 11, 2017, at Glendale, California.

By _____
Declarant

1