# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:16-cv-09510-AB-KES     Date: June 26, 2018

Title: ANDRES RENE RODRIGUEZ v. VENTURA COUNTY JAIL, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):** Order GRANTING Request for Judicial Notice (Dkt. 41) and DENYING Motion to Dismiss First Amended Complaint (Dkt. 40)

## I.  Procedural Background.

Pro se Plaintiff Andres Rene Rodriguez filed his initial 42 U.S.C. § 1983 Complaint in December 2016. (Dkt. 1.) Plaintiff alleged that since his arrest on September 10, 2013, he had been housed in administrative segregation/solitary confinement ("Ad-Seg") at the Ventura County Jail, and this placement was causing him physical, mental, and emotional distress. (Id. at 5.)

In April 2017, certain Defendants filed a motion to dismiss. (Dkt. 21.) The Court instructed Plaintiff to either oppose the motion or file a First Amended Complaint ("FAC"). (Dkt. 22.)

In September 2017, Plaintiff filed the operative FAC dismissing Ventura County and all official capacity claims. (Dkt. 36.) In conjunction with the FAC, he also filed a declaration signed under penalty of perjury. (Dkt. 35.)

The FAC alleges he was held in Ad-Seg at the Ventura County Jail from September 11, 2013 through November 8, 2017. (Dkt. 36 at 6.) In Claim 1, the FAC alleges that Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:16-cv-09510-AB-KES                                              Date: June 26, 2018
                                                                            Page 2

Eighth Amendment rights were violated because "the conditions of solitary confinement includ[ed] deprivations of [Plaintiff's] basic human essentials which have caused [him] physical, mental, and emotional distress."  (Id.)  In his sworn declaration, Plaintiff states, among other things, that: (1) "most nights [he] only get[s] about two to three hours of sleep"; (2) between February and June 2017, he was housed in a cell with "mentally ill inmates housed [on] either side," who caused "constant disturbances and the lack of sleep was driving [him] crazy"; and (3) beginning in July 2017, he was "completely shut out of everything and [had] not had one single meaningful conversation with another human being."  (Dkt. 35 at 2-3.)

    In Claim 2, the FAC alleges that Plaintiff's Fourteenth Amendment right to procedural due process has been violated because he was placed in Ad-Seg "without a proper hearing and no opportunity at all to attend a classification review," which takes place "about every 30 days or so, if not longer."  (Dkt. 36 at 8.)  He alleges this review was "always done without giving [him] any notice or opportunity to be present, state [his] case, and be heard in a meaningful time and in a meaningful manner."  (Id.)

    The four remaining Defendants[1] moved to dismiss (Dkt. 40) and requested that the Court take judicial notice of records from Plaintiff's state criminal case (Dkt. 41).  Plaintiff filed an opposition (Dkt. 51) and Defendants filed a reply (Dkt. 52).

    In November 2017, Plaintiff filed a change of address alerting the Court that he had been moved to Wasco State Prison.  (Dkt. 45.)  In March 2018, he filed a change of address identifying his new prison as California State Prison – Lancaster ("CSP-LAC").  (Dkt. 49.)

**II.    Request for Judicial Notice.**

    In ruling on a motion to dismiss, the Court may consider matters subject to judicial notice.  Mullis v. U. S. Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).  State court records are subject to judicial notice.  Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  The Court therefore GRANTS Defendants' request (Dkt. 41) and takes judicial notice of the date and nature of the criminal proceedings reflected in the following records:

---

[1] Plaintiff sues the following Defendants (all employed at the Ventura County Jail) in their individual capacity: (1) Commander Richard Barrios Jr., for allegedly allowing the classification unit to keep Plaintiff in Ad-Seg; (2) Captain Franke, for allegedly working with Sgt. Matthews to keep Plaintiff in Ad-Seg; (3) Sgt. Matthews, head of the housing Classification Unit, for allegedly allowing the classification unit to hold classification reviews for Plaintiff without him being present which resulted in keeping Plaintiff in Ad-Seg, and (4) Deputy Gildroy for allegedly refusing to give Plaintiff relief.  (Dkt. 36 at 4-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:16-cv-09510-AB-KES                                                           Date: June 26, 2018
                                                                                                                                                                Page 3

         **A.**       **Dkt. 41-1: Minutes from Ventura County Superior Court ("VCSC") case no. 2013022661 FA.**

These minutes indicate that Plaintiff was arraigned on September 11, 2013 and held in custody with bail of $1.1 million (Dkt. 41-1 at 3-4); he had a preliminary hearing in July 2014 (id. at 11); he was scheduled to go to trial in October 2014 (id. at 16-17), but after a series of continuances, he went to trial in September 2015, and a jury convicted him of attempted murder with multiple enhancements related to gang and firearm findings (id. at 1, 23-43); in December 2015, he was sentenced to 51 years in state prison (id. at 45).

         **B.**       **Dkt. 41-4: Minutes from VCSC case no. 2012031292 FA.**

These minutes indicate trial was set for November 2017 in a separate criminal case, and they list the charges against Plaintiff in that case. (Dkt. 41-2.)

         **C.**       **Other Public Records**

In May 2017, the California Court of Appeal affirmed Plaintiff's conviction for attempted murder on appeal. See People v. Rodriguez, No. B269468, 2017 Cal. App. Unpub. LEXIS 3049, at *1 (May 3, 2017). In July 2017, the California Supreme Court denied his petition for review. See People v. Rodriguez, No. S242415, 2017 Cal. LEXIS 5332 (July 12, 2017).

**III.**      **The Instant Motion to Dismiss.**

         **A.**       **Claim 1: Plaintiff's Conditions of Confinement Claim.**

Defendants argue that as a pre-trial detainee, Plaintiff's claim under the Eight Amendment should be dismissed without leave to amend. (Dkt. 40 at 7-8.) The Court agrees that the constitutionality of conditions of confinement for pre-trial detainees is assessed under the Due Process Clause of the Fourteenth Amendment. This is not a valid ground for dismissing his conditions of confinement claim, however. Plaintiff could easily amend to change his references to the Eight Amendment to the Fourteenth Amendment, and, because Plaintiff is pro se, this Court has an obligation to liberally construe the FAC.

Moreover, some "Ninth Circuit decisions appear to treat the Fourteenth and Eighth Amendment as creating equivalent standards in 'conditions of confinement' cases." Hatter v. Dyer, 154 F. Supp. 3d 940, 947 (C.D. Cal. 2015) (collecting cases). For example, in considering claims brought by pretrial detainees in administrative segregation at the Orange County Jail, the Ninth Circuit noted, "Exercise is one of the basic human necessities protected by the Eighth Amendment. … Moreover, the Fourteenth Amendment requires that pre-trial detainees not be denied adequate opportunities for exercise without a legitimate government objective." Pierce v. Cty. of Orange, 526 F.3d 1190, 1211-12 (9th Cir. 2008); see also Osegueda v. Stanislaus Cty. Pub. Safety Ctr., No. 16-1218, 2017 WL 202232 at *4, 2017 U.S. Dist. LEXIS 6311 at *14 (E.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:16-cv-09510-AB-KES　　　　　　　　　　　　　　　　Date: June 26, 2018
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

Cal. Jan. 17, 2017) ("In determining the standard for the constitutional rights of pre-trial detainees, the Court may look to decisions defining the constitutional rights of prisoners under the Eighth Amendment."). Thus, while Claim 1 should technically brought under the Fourteenth Amendment rather than the Eighth, Plaintiff's citation to Eighth Amendment principles is not wholly inapposite.

The Court construes Claim 1 as brought under the Fourteenth Amendment. Defendants' motion fails to raise any other arguments as to why Claim 1 should be dismissed.

### B.　Claim 2: Plaintiff's Procedural Due Process Claim.

Defendants argue that "decisions regarding the particular housing location of inmates cannot form the basis for constitutional relief" and "inmates have no constitutional right with regard to their housing location." (Dkt. 40 at 5.) The Court disagrees.

The cases cited by Defendants considered the rights of prisoners who had already been convicted of crimes. (Dkt. 40 at 6-7.) For example, in Serrano v. Francis, 345 F.3d 1071, the Ninth Circuit noted that, under Sandin v. Connor, 515 U.S. 472 (1995), prisoners typically do not have a constitutionally protected liberty interest in being free from administrative segregation because it does not represent an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1078-79 (but finding that disabled inmate's placement in non-handicapped-accessible administrative segregation did give rise to a liberty interest). Yet a different standard applies to pretrial detainees. See Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) ("Sandin thus recognizes that its rationale regarding incarcerated prisoners is not applicable to pretrial detainees.").

"[T]he Fourteenth Amendment prohibits all punishment of pretrial detainees...." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Demery, 378 F.3d at 1029; Bell, 441 U.S. at 535. "[S]uch 'punishment' can consist of actions taken with an 'expressed intent to punish.'" Kingsley v. Hendrickson, -- U.S. --, 135 S. Ct. 2466, 2473 (2015) (citing Bell, 441 U.S. at 538). In the absence of an expressed intent to punish, a pre-trial detainee can also "prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Id. (citing Bell, 441 U.S. at 561); see also Pierce v. Cty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008) ("Absent evidence of express punitive intent, it may be possible to infer a given restriction's punitive status 'from the nature of the restriction.'"). "Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from punishment." Hatter v. Dyer, 154 F. Supp. 3d 940, 945 (C.D. Cal. 2015) (citing Block v. Rutherford, 468 U.S. 576, 584 (1984)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:16-cv-09510-AB-KES                                                            Date: June 26, 2018
                                                                                                                    Page 5

In <u>Toussaint v. McCarthy</u>, 801 F.2d 1080 (9th Cir. 1986), <u>abrogated on other grounds by</u> <u>Sandin v. Connor</u>, 515 U.S. 472 (1995), the Ninth Circuit held that prisoners segregated for administrative or security reasons are entitled to due process consisting of (1) an informal non-adversary hearing within a reasonable time after placement in segregation, (2) notice of the reasons segregation is being considered, and (3) an opportunity for the detainee to present his views.  <u>Id.</u> at 1100.  The court also held that, following placement in administrative segregation, prison officials must engage in some sort of periodic review of the detainee's confinement in administrative segregation.  <u>Id.</u> at 1101.  Courts have applied the <u>Toussaint</u> standard to due process claims liked Plaintiff's.  <u>See</u>, e.g., <u>Henderson v. City & Cty. of San Francisco</u>, 2006 U.S. Dist. LEXIS 87262, at *42 (N.D. Cal. Dec. 1, 2006); <u>Grizzle v. County of San Diego</u>, No. 17-0813, 2018 WL 1898626 at *6-7, 2018 U.S. Dist. LEXIS 67162 at *18-22 (S.D. Cal. Apr. 20, 2018); <u>see also</u> <u>Shorter v. Baca</u>, 101 F. Supp. 3d 876, 891-93 (C.D. Cal. 2015) (holding that, where plaintiff's classification as a "mentally ill" inmate "had the <u>de facto</u> effect of imposing punitive conditions not imposed on the general population," she was entitled to procedural protections).

Defendants' motion simply fails to address the correct legal standard.  Defendants' briefing largely discusses cases involving post-conviction prisoners (not pre-trial detainees) and involving distinctions between different kinds of housing classifications (not extended solitary confinement).  Defendants do not address Plaintiff's allegations that he was denied the opportunity to participate meaningfully in the classification process.

Plaintiff counters that "the duration of isolation must be considered when determining its constitutionality," because extended segregation may constitute punishment.  (Dkt. 51 at 5.)  The Court agrees with Plaintiff.  In the context of this motion to dismiss, there is little or no evidence before the Court concerning the conditions of Plaintiff's confinement in Ad-Seg, the security needs of the Ventura County Jail, the other available options for housing Plaintiff, the decision-making process(es) that led to Plaintiff being in Ad-Seg for more than four years, Plaintiff's mental health, Plaintiff's conduct in prison, etc.  Such evidence may ultimately show that Plaintiff's lengthy stay in Ad-Seg was rationally related to a non-punitive governmental purpose and not excessive in relation to that purpose – but the Court cannot so find at the pleading stage.

IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Dkt. 40) is DENIED.

2. Within twenty (20) days of the date of this Order, Defendants shall file an answer to the FAC.

Initials of Deputy Clerk <u>JD</u>