PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JAMES S. EICHER, JR., State Bar No. 213796
jeicher@lbaclaw.com
ROCCO ZAMBITO, JR., State Bar No. 306115
rzambito@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
Commander Richard Barrios Jr., Captain Franke,
Sergeant Matthews, and Deputy Gildroy

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andres Rene Rodriguez,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Ventura County Jail, et al.,<br><br>　　　　Defendants. | Case No. CV 16-09510- AB (KESx)<br><br>Honorable Karen E. Scott<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*[Proposed] Protective Order filed concurrently herewith*]<br><br>Date:　　　October 9, 2018<br>Time:　　　10:00 a.m.<br>Courtroom:　6D |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 9, 2018, at 10:00 a.m. in Courtroom 6D of the United States District Court, located at 411 West 4th Street, Room 1053, Santa Ana, California 92701, Defendants Commander Richard

1

Barrios Jr., Captain Franke, Sergeant Matthews, and Deputy Gildroy (collectively, "Defendants") will move, and hereby do move, for a protective order based upon the confidential, sensitive, and privileged nature of materials potentially relevant to the litigation of this case.

This Motion shall be pursuant to Federal Rules of Civil Procedure Rule 26 and the Court's Case Management and Scheduling Order (Docket Number ("Dkt No.") 55), and shall be based upon this notice and the records and files of this case.

Dated:  September 10, 2018         LAWRENCE BEACH ALLEN & CHOI, PC


By        /s/ Rocco Zambito, Jr.
          Rocco Zambito, Jr.
          Attorneys for Defendants
          Commander Richard Barrios Jr.,
          Captain Franke, Sergeant Matthews,
          and Deputy Gildroy

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

Through the instant Motion, Defendants ask the Court to exercise its broad discretion to regulate discovery and to grant a protective order that would sufficiently limit the disclosure of sensitive and confidential information contained in discoverable materials which Defendants intend to produce in this case. Such a protective order is appropriate to properly protect sensitive information in this case, while allowing these materials to be made available to Plaintiff Andres Rene Rodriguez ("Plaintiff") in an expeditious manner.

## II. BACKGROUND REGARDING PLAINTIFF'S ALLEGATIONS AND DISCOVERY.

Plaintiff asserts his Eighth and Fourteenth Amendment rights were violated by Defendants while he was a pre-trial detainee at the Ventura County Jail, based on allegations regarding the conditions of his confinement and allegations that he was improperly classified for administrative segregation solely due to his gang involvement, pending criminal charges, prior criminal convictions, and criminal sophistication. (Dkt No. 1 at 7, 18; Dkt No. 36 at 6).

During discovery, Plaintiff served Defendants with requests for production. Defendants have produced responses to Plaintiff's requests, along with over 500 pages of documents. However, Defendants withheld certain documents based on their confidentiality and sensitivity.

Additionally, on July 25, 2018, the Court entered a Case Management and Scheduling Order. (Dkt No. 55). The Court' Scheduling Order stated that Defendants were to produce to Plaintiff, as initial disclosures, copies of documents in Defendants' possession, custody, or control that fell under ten categories outlined by the Court. (*Id.*) Defendants served Plaintiff with the initial disclosures outlined by the Court, but again withheld certain documents based on their confidentiality and sensitivity.

In privilege logs that Defendants served concurrently with their initial disclosures and responses to Plaintiff's Requests for Production, Defendants indicated that certain documents were withheld which would be produced to Plaintiff pursuant to a protective order.

While it is Defendants' intent to produce responsive documents to Plaintiff, Defendants seek a protective order so that sensitive and confidential documents will not be proliferated beyond what is required for the litigation of this case. Such a protective order is necessitated by the security concerns of operating a custodial facility and the privacy rights and safety of third party inmates.

### III.   GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER BASED ON THE CONFIDENTIALITY AND SENSITIVITY OF THE DOCUMENTS AT ISSUE IN THIS CASE.

Based on Plaintiff's operative Complaint (Dkt No. 36), the documents order to be produced by the Court in its Scheduling Order (Dkt No. 55), and Plaintiff's Requests for Production, it is clear that litigation of this action will involve the production of material and information that contain confidential, sensitive or privileged information that derives actual or potential value from not being generally known by the public, is the subject of reasonable efforts to maintain its confidentiality, and for which special protection from public disclosure and use for any purpose other than prosecution of this action is warranted.  These materials include sensitive law enforcement information, including but not limited to, materials related to inmates housed at the Ventura County Jail which contain sensitive and private information regarding third parties, materials related to tactics and mechanisms intended to maintain the safety of inmates and employees at the Ventura County Jail, materials which may jeopardize the safety of inmates and employees at the Ventura County Jail if made available to the general public, materials related to incidents involving Plaintiff or Defendants which contain sensitive and private information regarding

themselves and/or third parties, relevant County of Ventura policies, procedure, and/or training materials, intelligence gathering and housing decisions by Ventura County Sheriff's Office Classification personnel, as well as information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

"[D]istrict Courts have recognized, 'discovery in prisoner cases raises unique challenges,' ... [and as such,] where otherwise discoverable information would pose a threat to the safety and security of the [custodial facility] or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur." *Avila v. Cate*, 2014 WL 508551 at *3 (E.D. Cal. 2014). Accordingly, protective orders have been recognized as a proper device for mitigating institutional safety and privacy concerns. *See, e.g., Garcia v. Clark*, 2012 WL 1232315 at *6 n.5 (E.D. Cal. 2012); *Robinson v. Adams*, 2012 WL 912746 at *2-*4 (E.D. Cal. 2012) (issuing a protective order regarding "documents containing information that implicates the safety and security of the institution.").

Therefore, to expedite the flow of information, facilitate the prompt resolution of disputes over the confidentiality of discovery materials, adequately protect information the parties and third parties are entitled to keep confidential, ensure that the parties are permitted reasonable necessary use of such material in preparation for and in the conduct of trial, address the handling of such material at the end of the litigation, and serve the ends of justice, a protective order for such material and information is justified in this matter.

**IV.  CONCLUSION.**

For the reasons set forth above, Defendants Commander Richard Barrios Jr., Captain Franke, Sergeant Matthews, and Deputy Gildroy respectfully request that the Court issue a protective order based upon the confidential and sensitive

nature of materials potentially relevant to the litigation of this case.

Dated: September 10, 2018     LAWRENCE BEACH ALLEN & CHOI, PC

By      /s/ Rocco Zambito, Jr.
         Rocco Zambito, Jr.
         Attorneys for Defendants
         Commander Richard Barrios Jr.,
         Captain Franke, Sergeant Matthews,
         and Deputy Gildroy

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Elin Ghadimian, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 100 West Broadway, Suite 1200, Glendale, CA 91210.

On September 10, 2018, I served the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Andres Rene Rodriguez
CDC BE7078
CSP-LAC
B5-206
P.O. Box 4490
Lancaster, CA 93539

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 10, 2018, at Glendale, California.

By *[signature]*
Declarant